**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**JOHNNY RAY GAFFNEY,**

    **Plaintiff,**

vs.                                    CASE NO.: 4:21-CV-00471-MW-MAF

**RON DESANTIS, Governor
of the State of Florida,
et al.**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, Johnny Ray Gaffney, a prisoner proceeding *pro se* and *in forma pauperis*, filed a petition, pursuant to the Declaratory Judgment Act (DJA), 28 U.S.C. § 2201(a), and Fed. R. Civ. P. 57, and a subsequent motion for reconsideration. ECF Nos. 1, 8. Plaintiff challenges the constitutionality of Florida's capital sexual battery statute, Fla. Stat. § 794.011(2), under which he is serving a life sentence. Id. The court directed Plaintiff to cure certain deficiencies in his initial pleading; however, he objected in a motion for reconsideration, ECF No. 8.

Under 28 U.S.C. § 1915A, the court shall determine "as soon as practicable" whether a prisoner's complaint that seeks redress from a government entity "is frivolous, malicious, or fails to state a claim upon which

relief may be granted." At the outset, there are limited options for a convicted prisoner to challenge the constitutionality of the state statute under which he is convicted:

> A prisoner convicted and sentenced under state law may seek federal relief [by] . . . (1) a petition for habeas corpus, 28 U.S.C. § 2254, or (2) a complaint under 42 U.S.C. § 1983 . . . These two avenues of relief are mutually exclusive. If a claim can be raised in a federal habeas petition, that same claim cannot be raised in a § 1983 civil rights complaint. Id. The line of demarcation between a § 1983 claim and a § 2254 habeas claim is based on how the claim relates to a prisoner's conviction or sentence . . . [H]abeas corpus is the **exclusive remedy** for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release . . . **Thus, declaratory or injunctive relief claims that challenge the validity of the prisoner's conviction or sentence and seek release are cognizable only through a § 2254 petition**, and not under § 1983.

Wells v. Attorney Gen., Fla., 470 F. App'x 754, 755 (11th Cir. 2012) (internal citations omitted) (emphasis added).

No stranger to state or federal courts, Plaintiff creatively attempts to challenge the validity of the statute by seeking declaratory relief rather than immediate release from his prison sentence. ECF Nos. 1, 8. Plaintiff's motion for reconsideration, ECF No. 8, will be granted, in part, because amendment would be futile in this case. However, after careful review, the court should deny the petition, ECF No. 1, and summarily dismiss and close the case for

failure to state a claim. A discussion of the litigation history of this case and Plaintiff's relevant state and federal cases is necessary.[1]

## I. Plaintiff's Litigation History

### A. The Instant Case

Plaintiff sues Florida's governor and attorney general claiming Fla. Stat. § 794.011(2) is unconstitutional because, as a capital crime, the death penalty could, in theory, be imposed as punishment. ECF Nos. 1, 8. Plaintiff cites Buford v. State, 403 So. 2d 943, 951 (Fla. 1981), which held that the death penalty for the statute violated the Eighth Amendment. Id. Plaintiff argues the Florida Supreme Court violated the Constitution because its rulings permit an "unconstitutional statute" to remain standing. ECF No. 1, p. 11. Plaintiff also asks this court to determine whether the statute is properly defined as a capital felony. Id., p. 12.

At first glance, Plaintiff's initial petition appeared to be a legal brief seeking an advisory opinion from the court. Attempting to discern the actual claims, the court construed the pleading liberally as a civil rights complaint under § 1983 and ordered Plaintiff to amend certain deficiencies. ECF No. 3. The court also advised that federal courts are not empowered to issue

---

[1] Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of Plaintiff's federal and state cases and the documents contained therein. Paez v. Sec'y, Fla. Dep't of Corr., 947 F.3d 649, 652 (11th Cir. 2020).

Case No.: 4:21-CV-00471-MW-MAF

advisory opinions because they only have jurisdiction over active cases or controversies. Id. Because the petition was unclear, Plaintiff would have to demonstrate he had a stake in this case; or his claims would likely be dismissed. Id.

Plaintiff sought an extension of time to amend, which the court granted. ECF Nos. 4, 5. Then, Plaintiff filed a motion for reconsideration insisting he was not seeking relief under § 1983 and only wants a declaration the statute is unconstitutional. ECF No. 8. Plaintiff admits he was convicted under the statute and previously challenged the statute's constitutionality in the state courts without success. Id., p. 3. Plaintiff alleges that the injury he suffers is the continuation of his life sentence if the statute is not amended. Id., p. 7. Plaintiff signals that once this court declares the statute unconstitutional, he may seek further relief. Id., p. 10. According to Plaintiff, "the time has come for a declaration to be made as to whether [the statute] is a capital felony or a non-capital felony." Id., p. 11.

B. Plaintiff's Related State Cases

In 1985, a jury convicted Plaintiff of one count of sexual battery on a child less than twelve years old, in violation of Fla. Stat. § 794.011(2) (1985).[2]

---

[2] Putnam County, Florida Case No. 85-CV-1064, judgement and sentencing document at D.E. 39. Plaintiff's sentence also included a 25-year mandatory minimum sentence pursuant to Fla. Stat. 775.082(1). Accessed 2/10/2022.

The conviction and life sentence were affirmed on appeal, but the imposition of costs was vacated. Gaffney v. State, 497 So. 2d 1292 (Fla. 5th DCA 1986); Gaffney v. State, 506 So. 2d 1041 (Fla. 1987) (review denied). Plaintiff continued to challenge the decision by filing appeals[3]; numerous motions for post-conviction relief and other writs; and federal habeas petitions, under §§ 2254 and 2241. All attempts were futile.

In 1988, in a second motion for post-conviction relief, Plaintiff argued that Fla. Stat. § 794.011(2) was unconstitutional.[4] The trial court denied the motion for lack of jurisdiction because the question was one for direct appeal; and the Fifth District Court of Appeal (DCA) affirmed.[5] Gaffney v. State, 527 So. 2d 205 (Fla. 5th DCA 1988). Years later, Plaintiff resumed his efforts. See Gaffney v Singletary, 634 So. 2d 624 (Fla. 1994) (petition for writ of habeas corpus denied); Gaffney v. State, 681 So. 2d 1211 (Fla. 5th DCA 1996) (vacating denial of habeas petition for lack of jurisdiction); Gaffney v.

---

The court documents for the underlying criminal case are available online at the following URL: https://www.civitekflorida.com/ocrs/app/search.xhtml.

[3] Gaffney v. Brooks, 712 So. 2d 1291 (Fla. 5th DCA 1998) (petition for mandamus denied; belated appeal granted).

[4] Putnam County, Florida Case No. 85-CV-1064, "Motion for Post-Conviction Relief" (D.E. 39) dated January 20, 1988.

[5] Id. "Order Denying Motion for Post Conviction Relief" dated January 29, 1988 (D.E. 64).

State, 700 So. 2d 685 (Fla. 1997) (petition to invoke All Writs Jurisdiction denied); Gaffney v. State, 722 So. 2d 205 (Fla. 5th DCA 1998) (denial of Fla. R. Crim. P. 3.850 affirmed).

Twenty years ago, Plaintiff filed another successive habeas petition, pursuant to Fla. R. Crim. P. 3.850, challenging the constitutionality because the death penalty is an authorized punishment for all capital crimes.[6] The trial court again denied the petition; and the Fifth DCA affirmed. Gaffney v. State, 848 So. 2d 338 (Fla. 5th DCA 2003). Because Plaintiff submitted numerous and successive *pro se* filings, the trial court sanctioned him for "abuse of process" and barred him from filing habeas actions.[7] Similarly, the Fifth DCA and the Florida Supreme Court barred him from filing additional *pro se* appeals.[8] Gaffney v. State, 775 So. 2d 1000 (Fla. 5th DCA 2000); Gaffney v. Tucker, 79 So. 3d 744 (Fla. 2012).

C. Plaintiff's Related Federal Petitions

Plaintiff's first § 2254 petition was denied in 1992. See M.D. Fla. Case No. 3:90-cv-01012-WTH. Plaintiff's successive § 2254 petition was denied six years later. See M.D. Fla. Case No. 3:98-mc-00122. The following year,

---

[6] Id., D.E. 77 and 78 filed on December 4, 2002.

[7] Id., D.E. 72.

[8] Any further pleadings must be reviewed and signed by a licensed attorney. Gaffney v. State, 878 So. 2d 470 (Fla. 5th DCA 2004).

Plaintiff filed § 2241 petition, which was dismissed with prejudice. See M.D. Fla. Case No. 3:99-cv-00333-HES.

Plaintiff returned to federal court in 2012 and filed a second § 2241 petition seeking a determination on "whether § 794.011(2) [was] unconstitutional as a capital felony since the . . . decision in Buford v. State." M.D. Fla. 3:12-cv-00332-HLA-TEM, ECF No. 1, pp. 4. Plaintiff argued that the despite Buford, the death penalty was still possible under statute. Id., pp. 4-13. This is the same argument Plaintiff presents in the instant case. The court dismissed the petition because Plaintiff did not have permission from the Eleventh Circuit Court of Appeals. Id., ECF No. 6.

In 2016, Plaintiff filed a third § 2241 petition here, in the Northern District of Florida, but the court transferred the case to the Middle District of Florida, the proper venue for his underlying criminal case. M.D. Fla. Case No. 3:16-cv-00141-MMH-JK, ECF No. 7. Plaintiff challenged his conviction as unconstitutional because it was based on "nonexistent crime subjecting [him] to a manifest injustice." Id., ECF No. 1., p. 4. Plaintiff argued the death penalty was unconstitutional under Buford, but, because the crime remained a capital felony, death is still a possible punishment although it is "not

imposed." Id., pp. 5-6. Again, Plaintiff's petition was dismissed as a successive. Id., ECF No. 7.

Plaintiff is not asking for release from prison, does not challenge the execution of his sentence, and does not ask -- at least in this petition -- for his conviction to be overturned. He knows that request is futile under §§ 2254 or 2241 because it would be dismissed as an impermissible successive petition.[9] Therefore, the court does not construe Plaintiff's petition as one seeking habeas relief. It is also clear Plaintiff does not want to proceed under § 1983. ECF No. 8. Therefore, Plaintiff's "Motion for Reconsideration," ECF No. 8, is GRANTED. Plaintiff is not required to amend his petition.

What remains is a review of Plaintiff's petition on the merits. As explained in the next section, the court is unable to give Plaintiff the relief he seeks.

---

[9] "[F]ederal prisoners who want to file a second or successive motion to vacate, set aside, or correct a sentence must move the court of appeals for an order authorizing the district court to consider the second or successive motion." In re Blackshire, 98 F.3d 1293, 1293 (11th Cir. 1996) (per curiam) (citing 28 U.S.C. § 2244(b)(3)(A)). "Without authorization, the district court lacks jurisdiction to consider a second or successive [motion to vacate]." Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003) (citation omitted).

Plaintiff does not allege that he has applied for and obtained the necessary authorization from the Eleventh Circuit Court of Appeals and a search of the Public Access to Court Electronic Records ("PACER") website does not show that he has a recent application filed or pending. The application Plaintiff filed with the Eleventh Circuit in 2013 was denied. Plaintiff's prior habeas petitions were denied on the merits.

## II. Plaintiff's Petition under the Declaratory Judgment Act (DJA), 28 U.S.C. § 2201(a), is Due to be Denied for Lack of Jurisdiction.

The DJA empowers a federal district court to issue a declaratory judgment. This excludes advisory decrees. See United States Servicemen's Fund v. Killeen Ind. School Dist., 489 F.2d 693 (5th Cir. 1974). The DJA provides:

> In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a).

The DJA echoes the "case or controversy" requirement of Article III of the Constitution. Emory v. Peeler, 756 F. 2d 1547, 1551-52 (11th Cir. 1985). "That is, under the facts alleged, there must be a substantial continuing controversy between parties having adverse legal interests." Emory, 756 F. 2d at 1552 (citations omitted). A finding that there is a continuation of the dispute may be reasonably inferred. Id. However, the "continuing controversy may not be conjectural, hypothetical, or contingent; it must be real and immediate and create a definite, rather than speculative threat of future injury." Id. A "remote possibility" of "future injury" is insufficient. Id. The

threat of prosecution must be demonstrated if a "case or controversy" may be said to exist. Ellis v. Dyson, 421 U.S. 426 (1975).

Here, there is no substantial continuing controversy between parties having adverse legal interests nor is there any immediate threat. Thirty-seven years ago, Plaintiff was convicted under a valid statute and is serving an appropriate sentence as affirmed by the state courts of appeals and the federal courts who reviewed Plaintiff's case. Also, there is no possibility of future injury to Plaintiff or any other person. Specifically, the Supreme Court of the United States has rejected arguments that the failure to amend Florida's statute can be interpreted as permitting the application of the death penalty. The Court explained:

> Pursuant to Fla. Stat. § 775.082(2) (2007), however, Florida state courts have understood Buford to bind their sentencing discretion in child rape cases. See, e.g., Gibson v. State, 721 So. 2d 363, 367, and n. 2 (Fla. App. 1998) (deeming it irrelevant that "the Florida Legislature never changed the wording of the sexual battery statute"); Cooper v. State, 453 So. 2d 67 (Fla. App. 1984) ("After Buford, death was no longer a possible penalty in Florida for sexual battery"); see also Fla. Stat. § 775.082(2) ("In the event the death penalty in a capital felony is held to be unconstitutional by the Florida Supreme Court . . . the court having jurisdiction over a person previously sentenced to death for a capital felony . . . shall sentence such person to life imprisonment").

Kennedy v. Louisiana, 554 U.S. 407, 424-25 (2008).

Furthermore, the Eleventh Circuit determined that life without the possibility of parole as punishment for a conviction under Fla. Stat. § 794.011(2) does not violate the Eighth Amendment. See O'Brien v. Florida, 2019 U.S. App. LEXIS 12532 * | 2019 WL 2416761 (11th Cir. 2019). In short, there is no threat that anyone convicted of capital sexual battery will receive the death penalty. There is no threat to Plaintiff because he was not sentenced to death. He was sentenced to life in prison. Plaintiff's case fails to meet the jurisdictional requirement. Finally, the constitutionality of the statute and sentencing under the statute was settled by higher authorities than this court. A declaration to the contrary cannot be issued. Accordingly, Plaintiff's petition for declaratory judgment is due to be denied.

## III.   Conclusion

For the reasons stated, the Undersigned **RECOMMENDS** that Plaintiff's petition for declaratory judgment, ECF No. 1, be **DENIED** for lack of jurisdiction under 28 U.S.C. § 2201(a) and Article III of the Constitution. It is also recommended that the case be **DISMISSED** for failure to state a claim **CLOSED**. Finally, Plaintiff's motion for reconsideration, ECF No. 8, is **GRANTED** to the extent that Plaintiff is not required to comply with the Court's prior order directing him to amend.

IN CHAMBERS at Tallahassee, Florida, on February 14, 2022.

*s/ Martin A. Fitzpatrick*
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).